## MATTER OF AKINSETE

### In Visa Petition Proceedings

### A-20241104

### *Decided by Board April 16, 1975*

Petitioner who alleged that a prior marriage had been terminated by a Nigerian customary divorce had the burden to prove the native law and custom had been complied with by some credible corroborative evidence, in addition to petitioner's unsupported assertions. Where such corroboration was lacking, denial of the petition to classify the petitioner's spouse as an immediate relative under section 201(b) of the Immigration and Nationality Act was proper.

ON BEHALF OF PETITIONER:
Samuel Y. Akinsete, Rep.
1660 Lanier Pl , N.W.
Washington, D.C. 20009

ON BEHALF OF SERVICE:
Irving A. Appleman, Esquire
Appellate Trial Attorney

The United States citizen petitioner applied for immediate relative classification for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated May 28, 1974 the district director denied the petition on the ground that the beneficiary, a native and citizen of Nigeria, has a previous marriage which was performed according to the native law and custom of that country, and has not been legally dissolved. The petitioner appeals from the district director's denial. We find that the district director's decision was correct and the appeal will be dismissed.

The petitioner contends that the beneficiary's prior marriage has been validly terminated in Nigeria according to the native law and custom. In support of this assertion the petitioner has submitted a sworn statement executed in a Nigerian Magistrate Court by the beneficiary's father, attesting that the customary marriage has been dissolved and that the beneficiary's first wife has remarried. In addition, the petitioner's representative, the brother of the beneficiary, has attempted to set forth the applicable customary law. The district director found this evidence to be self-serving and insufficient to sustain the petitioner's burden of proving eligibility for the benefit sought.

According to a report entitled "Customary Divorce Law in the Mid-Western State of Nigeria" prepared by the Library of Congress, Near

254

Eastern and African Law Division, a Nigerian customary divorce requires the institution of certain quasi-judicial proceedings. Such proceedings are held in a customary court which will ascertain and apply the applicable customary law. The party seeking the divorce has the burden of proving the customary law to the satisfaction of the court, either through written or oral evidence, or through witnesses called "assessors," tribal elders who are experts in the details of local customary law. It seems clear that in order to prove the native law and custom, some credible corroborative evidence is required in addition to the representations of the person who asserts it.

The petitioner is this case has neither claimed nor shown that the beneficiary's customary marriage has been dissolved pursuant to such formal customary proceedings, although the beneficiary is, of course, free to institute them at any time. Accordingly, we must concur in the district director's conclusion that the proof thus far submitted does not support a grant of immediate relative status to the beneficiary. Should the beneficiary succeed in obtaining a valid customary divorce from his Nigerian wife, and remarry the petitioner, then the petitioner can file a new visa petition in his behalf. The following order will be entered.

ORDER: The appeal is dismissed.

Irving A. Appleman, Board Member, abstained from consideration of this case.